


FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 29 2009

JAMES N. HATTEN, CLERK
By: Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

The Business Exchange of KY, Inc. :
:
Plaintiff, :
vs. :
:
JP Capital & Insurance, Inc., : Civil Action No.
Hitesh Patel, and :
Andover Realty, Inc. : 1:09-CV-0259
:
Defendants. :

**COMPLAINT**

1.

Plaintiff is a corporation incorporated under the laws of the State of Kentucky having its principal place of business in Kentucky. Defendant JP Capital & Insurance, Inc. is incorporated under the laws of the State of Georgia having its principal place of business in a State other than Kentucky. Defendant Patel is a resident of the State of New Jersey. Defendant Andover Realty is incorporated under the laws of the State of Georgia having its principal place of business in a State other than Kentucky. There is complete diversity among the parties, the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00 and this court has jurisdiction pursuant to 28 U.S.C. § 1332.

2.

Defendant JP Capital & Insurance, Inc. may be served by serving its registered agent Natalie S. Jones, 407 E. Second Street, Jackson, GA 30233.

3.

Defendant Hitesh Patel may be served at 889 Inman Ave., Edison, NJ 08820.

4.

Defendant Andover Realty, Inc. may be served by serving its registered agent Mark D. McKernan, 3522 Habersham at Northlake, Tucker, GA 30084.

5.

On or before August 29, 2008, Defendant JP Capital & Insurance, Inc. (Defendant JP), acting by and through its CEO, William Burton Jones, contacted Defendant Andover Realty, Inc. (Defendant Andover), acting by and through its CEO Mark D. McKernan, to advise of the availability of a package of convenience stores located in the States of North Carolina and South Carolina.

6.

Pursuant to the contact from Jones, McKernan traveled to Jackson, GA to meet with Jones and other JP employees. On information and belief, at that meeting, Jones provided information to McKernan of seven stores in North Carolina

and South Carolina it wished to sell and agreed to pay a 5% commission upon the sale of the properties.

7.

On or before August 29, 2008 Defendant Andover advised Plaintiff of the availability of the seven stores and solicited Plaintiff's help in finding a buyer.

8.

Pursuant to Defendant Andover's solicitation, Plaintiff and Defendant Andover entered into a Cooperative Agreement pursuant to which they agreed to evenly divide any commission from the sale of the stores if they were sold to a buyer procured by Plaintiff. A copy of the Cooperative Agreement is attached hereto as Exhibit "A".

9.

Subsequent to execution of the Cooperative Agreement Plaintiff prepared marketing materials and advertised the availability of the stores.

10.

Pursuant to the advertising, Plaintiff learned of the interest of Defendant Patel in the purchase of the stores.

11.

As a result of the interest by Defendant Patel in the purchase of the stores, Plaintiff required Defendant Patel to execute a Non-Disclosure Agreement as a condition precedent to the disclosure of information about the stores and in which Defendant Patel agreed to protect Plaintiff's right to compensation based upon a sale of the stores to Defendant Patel.

12.

Thereafter, Plaintiff introduced Defendant Patel to the initial package of properties being offered and between September 2, 2008 and October 14, 2008 substantial negotiations occurred between Defendant Patel and Defendant JP resulting in a purchase contract for the sale of fourteen parcels of real estate and the ground lease of one additional parcel for a total consideration of $22,750,000.00.

13.

On or about November 25th Defendant JP sold the stores pursuant to the contract to Defendant Patel for $22,750,000.00. No commission was paid to Defendant Andover or Plaintiff.

**COUNT I**

**EXPRESS CONTRACT**

14.

Plaintiff incorporates by reference paragraphs 1-13 as if fully and completely set out herein.

15.

Defendant JP had an express oral open listing agreement with Defendant Andover for payment of a 5% commission on the sale of the North Carolina and South Carolina properties.

16.

Defendant Andover had an express contract for payment of one half (½) of the commission to Plaintiff.

17.

Defendant JP has defaulted in payment of the commission to Defendant Andover and/or Plaintiff.

18.

Defendant Andover has defaulted in payment of the commission to Plaintiff.

19.

Plaintiff is owed Five Hundred Sixty-Eight Thousand Seven Hundred Fifty and No Hundreds Dollars ($568,750.00) in commissions under its contract.

**COUNT II**

**IMPLIED CONTRACT**

20.

Plaintiff incorporates by reference paragraphs 1-19 as if fully and completely set out herein.

21.

Plaintiff served as agent of Defendant JP and performed services valuable to Defendant JP; (2) the services were performed either at the request of the Defendant JP or knowingly accepted by the Defendant JP; (3) the Defendant's receipt of Plaintiff's service without compensating Plaintiff would be unjust; (4) Plaintiff had an expectation of compensation at the time of the rendition of the services; (5) and Plaintiff was the procuring cause of the completed transaction.

22.

Negotiations for the sale were set on foot through Plaintiff's efforts, he performed every service required by his employment which it was possible to per-

form, and that the failure on his part to personally consummate the trade was due to the interference of the Defendants Patel and JP.

23.

The fair value of the services performed by Plaintiff and accepted by Defendant JP was Five Hundred Sixty-Eight Thousand Seven Hundred Fifty and No Hundreds Dollars ($568,750.00).

**COUNT III**

**CONSIPIRACY TO DEPRIVE OF COMMISSION**

24.

Plaintiff incorporates by reference paragraphs 1- 23 as if fully and completely set out herein.

25.

Defendants JP and Patel conspired to deprive Plaintiff of a real estate commission.

26.

Defendants JP and Patel have acted in bad faith in conspiring to deprive Plaintiff of a real estate commission, have been stubbornly litigious and have caused Plaintiff unnecessary trouble and expense.

27.

The actions of Defendants JP and Patel deprived Plaintiff of a commission in the amount of Five Hundred Sixty-Eight Thousand Seven Hundred Fifty and No Hundreds Dollars ($568,750.00).

WHEREFORE, Plaintiff prays for judgment against Defendants for the following:

(1) In the amount of $568,750.00 for Plaintiff's commission unpaid by Defendants;

(2) For all costs of Court;

(3) For exemplary damages in the amount of $5,000,000.00 against Defendants JP and Patel to deter said Defendants from future wrongful conduct;

(4) For Plaintiff's reasonable attorney's fees;

(5) For interest from the date of closing to the date of judgement; and

(6) For such other and further relief as this court deems just and proper.

Plaintiff Demands Trial By Jury.

The Sturgeon Law Firm

Gregory W. Sturgeon
Georgia State Bar Number 690500
Attorney for Plaintiff

3060 Peachtree Road, Suite 970
Atlanta, GA 30305
(404) 419-0800
Fax: (404) 419-0808